UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'24 MAR 15 PM3:44

**Brittany Harris**
4017 Spruce Dr
Baltimore MD 21215
    Plaintiff,

v.

**CARMAX, Inc.**
12800 Tuckahoe Creek Parkway
Richmond VA 23238
    Defendant,

Jury Trial Demanded

Case No. 24 CV 0781 MJM

**COMMPLAINT AND DEMAND FOR JURY**

## INTRODUCTION

1. This is an action for actual, punitive, and statutory damages brought by Plaintiff Brittany Harris an individual consumer (hereinafter "Plaintiff"), against Defendant, CARMAX, Inc. (hereinafter "Defendant"), for violations of the Fair Credit Reporting Act 15 U.S.C § 1681 et seq. (hereinafter "FCRA") as defendant willfully failed to conduct a reasonable Investigation.

## JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1681p, and 28 U.S.C§ 1331. The venue in this District is proper as the Defendant transacts business in Maryland and Plaintiff lives in the District of Maryland.

Rcv'd by: HD

## PARTIES

3. Plaintiff is a natural person residing in the District of Maryland. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

4. Defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

5. Upon information and belief, Defendant principle place of business is 12800 Tuckahoe Creek Parkway, Richmond VA 23238.

## FACTS OF THE COMPLAINT

6. On or around June twenty fourth, 2015 plaintiff incurred a financial obligation for an alleged auto loan with defendant in the amount of $25,427.81 from a transaction in which money, property, insurance or service which are the subject of the transaction are primarily for personal, family and household purposes.

7. On or around December 2023, Plaintiff submitted a dispute letter to Experian due to the inaccurate information furnished by Defendant. Defendant failed to report to Experian payments made from August 2015 to November 2016.

8. Upon information and belief, Experian submitted the dispute to Defendant. On or around December 28, 2023, Plaintiff received the dispute results from Experian, in which Defendant verified inaccurate information.

9. Defendant failed to modify or delete the inaccurate information. Payment history was and still continue to be inaccurate, Defendant failed to furnish to Experian payments made from August 2015 to November 2016, also failed to furnish payments made February 2017 and March 2017, however Defendant furnished no data for those two months . **(See exhibit A1 - A2 & B)**

10. Defendant furnished the account charged off date April 2018, nevertheless the account was charged off March 31, 2018.

11. The charge off amount furnished by defendant is inaccurate, false and misleading the correct charge off amount is $16,698.46 however defendant Furnished to Experian charged off amount of $17,252. **(See Exhibit A2 & B)**

12. Defendant also failed to furnish accurate information to Transunion, furthermore Defendant failed to furnish payments made on the account from August 2015 to January 2017. **(See Exhibit A1 - A2 & C)**

13. In the payment history section defendant failed to furnish to Transunion the balances and amounts paid for multiple months in 2017 and 2018. **(See Exhibit A2 & C)**

14. Defendant Furnished to Transunion the account charged off date as March 30, 2018, nevertheless the account charged off date was March 31, 2018. **(See Exhibit A2 & C)**

15. A reasonable investigation Defendant would have determined that they were reporting the above disputed information inaccurately.

16. Defendant failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681s-2(b), respectively.

17. Defendant upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b), respectively.

18. Due to Defendant failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681s2(b), respectively.

19. Defendant continued inaccurate, misleading, and derogatory reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

20. Defendant continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

## PLAINTIFF'S DAMAGES

21. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress, torment and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

### Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681

22. Plaintiff reincorporates by reference all of the above paragraphs of this Complaint as fully stated herein.

23. Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance. The Consumer Data Industry Association ("CDIA") publishes the Metro2.

24. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA. Courts rely on such guidance to determine furnisher liability.

25. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

26. On information and belief, the furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

27. The furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts set forth above.

28. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

29. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data.

30. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

31. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);.

32. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1);.

## **DEMAND FOR JURY AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Any other relief that this Court deems just and proper.

Dated March 15 2024.

Respectfully Submitted,
/s/  Brittany Harris
4017 Spruce Dr
Baltimore MD 21215
Email: nicoryan81@gmail.com